OPINION
Appellant appeals her conviction for domestic violence after a bench trial in the Struthers Municipal Court. For the following reasons, we affirm the conviction.
On July 15, 1997 Gregory P. Landolfi (the victim) filed a complaint against his estranged wife, Appellant, Laura K. Landolfi, for domestic violence based on an incident which occurred at the victim's home on July 14, 1996. Appellant was arrested on July 22, 1996 for violating R.C. § 2919.25 (A), and was later appointed trial counsel.
At bench trial on September 10, 1997, the evidence indicated that Appellant came to the victim's home on the pretense of dropping off their minor son for a visit. An argument ensued outside the house when Appellant hit the victim. After the victim ran into the home, holding the minor child, another altercation occurred. Appellant then hit the victim in the head with a telephone. The victim admitted to pulling the phone cord out of the wall to prevent Appellant from calling for help. The victim also admitted to waiting nearly nine (9) hours before calling police. Further testimony revealed that the victim had filed for divorce from Appellant and was seeking custody of the minor child.
Photographs of the victim's injuries were introduced into evidence. A patrolman testified regarding the photographs and the telephone used to hit the victim. The patrolman did not witness any of the incidents between appellant and the victim.
Appellant did not testify and no defense witnesses were called. Appellant was found guilty of domestic violence and was sentenced on November 14, 1996 to thirty (30) days suspended jail time, a $50 fine and court costs, one (1) year probation and counselling.
Appellant filed her notice of appeal on December 3, 1997. Appellate counsel was appointed on December 22, 1997. In a motion filed May 12, 1998, counsel averred that tapes from the trial and sentencing had been erased and a transcript could not be produced. Counsel prepared an Agreed Statement of Evidence in Lieu of Transcript pursuant to App.R. 9 (C), which she, the trial court judge, and the prosecutor signed; the same was filed on May 19, 1998.
On June 9, 1998, appellant's counsel filed a no-merit brief. Counsel stated two (2) possible assignments of error but concluded that any arguments to be made pursuant to these would be frivolous. Based upon her determination that the appeal was meritless, which resulted in a conflict of interest, counsel filed a motion to withdraw and for appointment of new counsel on behalf of Appellant.
On June 23, 1998, this Court overruled the motion for appointment of new counsel and granted Appellant, pro se, thirty (30) days to raise any assignments of error pursuant to State v.Toney (1970), 23 Ohio App.2d 203. Appellant, pro se, filed a brief, adding two possible issues not raised in her former counsel's brief.
In State v. Short (Nov. 24, 1997), Columbiana App. No. 96-CO-49, unreported, this court held that:
 "It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. See, generally, Anders v. California 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Toney (1970), 23 Ohio App.2d 203, 262 N.E.2d 419. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. Id.
The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. Id."
In Toney, this Court set forth in its syllabus the procedure to be used when counsel of record determines that an indigent's appeal is meritless:
"* * *
 "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
In reviewing the proceedings of this matter, we note that appointed counsel has stated two (2) possible assignments of error, both of which counsel determined to be without merit. As Appellant, pro se, has raised similar issues in her brief, we will address the similar issues jointly.
Counsel's first possible assignment of error states:
 "The Trial Court erred in finding the Defendant/Appellant guilty of the offense charged because the conviction is against the manifest weight of the evidence and the evidence supporting the conviction was insufficient as matter of law to prove the conviction beyond a reasonable doubt."
Appellant's first pro se assignment of error states:
 "The Trial Court erred in finding the Defendant/Appellant Guilty of the offense charged because the evidence supporting the conviction was insufficient as a matter of law to prove the conviction beyond a reasonable doubt."
The Ohio Supreme Court has determined that "sufficiency of the evidence" and "weight of the evidence" are not synonymous legal concepts. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. This Court has held that when reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must examine the evidence admitted to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Demiduk
(June 24, 1998), Columbiana App. No. 96-CO-16, unreported, citingState v. Jenks (1990), 61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
When reviewing whether a verdict is against the manifest weight of the evidence, "[t]he verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts." Id.
After reviewing the proceedings below, we find that Appellant's argument that there was insufficient evidence to support her conviction must fail. According to R.C. § 2919.25 (A), "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Furthermore, R.C. § 2919.25
(E) (1) (A) (i) defines "Family or Household Member" as, "[a] spouse, a person living as a spouse, or a former spouse of the offender." According to the agreed statement of evidence, the victim, Appellant's estranged husband, testified that after Appellant arrived at his home an argument ensued and Appellant hit him with her fist while holding her car keys. The victim further testified that Appellant followed him into the house where she struck him with a telephone. If this testimony is believed, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
We also conclude that Appellant's argument that her conviction was not supported by the manifest weight of the evidence is without merit. Upon reviewing the record before us, we note that Appellant's presentation of evidence was almost exclusively limited to the cross examination of the victim. Appellant's apparent motive for this was to create reasonable doubt by establishing that the victim had a tendency towards violence. However, as the prosecution presented sufficient evidence to establish the elements of domestic violence, and as the trial court is in the best position to assess the credibility of the witnesses and to determine the weight to be afforded the evidence offered at trial, we cannot find that the trier of fact in this case could not have found Appellant guilty beyond a reasonable doubt. See, State v. DeHass (1967), 10 Ohio St.2d 230.
Counsel's second possible assignment of error states:
 "The Trial court erred in finding the Defendant/Appellant guilty of the offense charged because the trial judge was allegedly partial to the victim and abused his discretion in discovery rulings and findings of fact in the trial, thus prejudicing the Defendant/Appellant."
Appellant's second pro se assignment of error states:
 "The Trial Court erred in finding the Defendant/Appellant guilty of the offense charged because the Trial Judge was partial to the alleged victim in abusing his discretion in discovery, ruling and findings of fact in the trial, thus prejucicing [sic] the Defendant/Appellant."
Based upon our review of the record we find this issue to be meritless. The record reflects no instance of the trial court's bias in favor of the victim. The record does not indicate that the trial court acted in any manner which exhibits bias with respect to a discovery request. Furthermore, we have already determined that the trial court did not err in finding sufficient evidence upon which to convict Appellant.
Appellant's third pro se assignment of error states:
 "The Trial Court erred in finding the Defendant/Appellant guilty of the offense charged because the Defendant's Counsel by not allowing the Defendant to take the witness stand, was ineffective, therby [sic] depriving the Defendant of a fair trial.
Appellant implicitly argues that her trial counsel's failure to call her to testify precluded her from establishing self defense in regard to her actions. After reviewing the record, we find this claim to be baseless. In order to establish a claim of ineffective assistance of counsel, an appellant must show both that her trial counsel made errors which were so grave that counsel failed to function as guaranteed by the Sixth Amendment and that counsel's errors prejudiced the appellant's defense.State v. Smith (1985), 17 Ohio St.3d 98, 100, followingStrickland v. Washington (1984), 466 U.S. 668. To establish prejudice, an appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. In Ohio, a properly licensed attorney is presumed competent. State v. Hamblin (1988), 37 Ohio St.3d 153,155-56. Reviewing courts will defer to defense counsel's reasonable trial tactics as falling within that presumption of competence. See, Id., 157.
The decision by a defense attorney not to call particular witnesses is a legitimate trial tactic to avoid opening the door to areas which would be better unexplored. See, Id.
A review of the record in the present case, specifically the police report of the confrontation, shows that Appellant may have been accompanied by a person wielding a tire iron. Furthermore, nothing in the record shows any indication that Appellant sustained any injuries as a result of the incident. It is reasonable to conclude that Appellant's counsel may have wanted to avoid opening the door to these issues as they could have been very harmful to Appellant's case. Based on the record, we cannot conclude that the outcome of the trial would have been different had Appellant testified in her own behalf.
Appellant, pro se, raises an additional issue for review, although not expressly as an assignment of error. This issue states:
 "The Defendant/Appellant's conviction should be reversed due to the absence of a transcript is prejudicial to the Defendant; Even with the presumption of regularity in the Trial Court, without a transcript, the Defendant is deprived of her right to a fair and meaningful appeal."
This argument too, is without merit. Crim.R. 22 states: "In serious offense cases all proceedings shall be recorded. In petty offense cases * * * if requested by any party all proceedings shall be recorded." Appellant was convicted of violation R.C. § 2919.25 (A), domestic violence, a first degree misdemeanor. First degree misdemeanors are, by definition, petty offenses. R.C. § 2929.21 (B(1); Crim.R. 2 (C) (D). Since there is no requirement that these proceedings be recorded, and the record reflects no request by either party that the proceedings be recorded, it is difficult to see error.
Regardless of the reason for the failure of the existence of a transcript, the burden is on the Appellant to show the relevance of its absence. State v. Skaggs (1978), 53 Ohio St.2d 162, 163. Appellant does not make any arguments about the relevance of the information that should have been on the trial tapes. In cases where no specific request was made by any party to record the trial proceedings, the proper procedure for obtaining a reasonable record for appeal is App.R. 9 (C). Id, 163.
App.R. 9 (C) states in part:
 "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection."
In the present matter, Appellant drafted an agreed statement which the trial court and prosecutor approved without amendment. Assuming there was some error in the erasing of the trial tapes, Appellant must still show that some substantial right was affected as a result of any error. R.C. § 2309.59 and Crim.R. 52. Since Appellant presented us with her own account of the trial, she actually has an advantage as she had the opportunity to leave out of the record any evidence or testimony that may be detrimental to her appeal.
After an independent examination of the record, and in considering the possible assignments of error and issues presented by both counsel and Appellant, pro se, we hold that there are no errors which could be arguably supported on appeal. We therefore conclude that Appellate counsel's motion to withdraw is properly granted and that counsel is properly discharged. Appointment of substitute counsel is properly denied and the judgment of the lower court is hereby affirmed.
Cox, P.J., concurs.
Vukovich, J., concurs.
APPROVED:
 _______________________________ CHERYL L. WAITE, JUDGE